# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON,
P.O. Box 14596
Washington, DC 20044,

        Plaintiff,

        v.

U.S. DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue NW
Washington, DC 20530,

        Defendant.

Civil Action No. _____

## COMPLAINT

1.     Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking records from the Department of Justice ("DOJ") Civil Division ("Civil Division") concerning President Donald Trump's attempt to seek a financial windfall from American taxpayers by abusing the Federal Tort Claims Act ("FTCA").

2.     President Donald Trump's course of conduct relating to the 2020 presidential election, culminating in his incitement of a violent insurrection to halt the lawful transfer of power on January 6, 2021, and his later retention of classified documents after leaving office, triggered multiple criminal investigations by the DOJ and FBI. These investigations led two grand juries to return indictments charging President Trump with 44 federal criminal counts.

3.     DOJ moved to dismiss all criminal charges against President Trump after his re-election in 2024, due to DOJ policy forbidding the prosecution of a sitting president.

1

4.      Before his re-election, President Trump reportedly submitted two FTCA complaints to the DOJ seeking approximately $230 million in damages related to his federal criminal prosecutions.

5.      Now that he has been re-elected, President Trump's FTCA complaints pose an unprecedented and unavoidable conflict of interest, as his entitlement to a tax-payer funded windfall will be evaluated by his own administration, staffed by his former personal attorneys.

6.      On November 18, 2025, CREW submitted an expedited FOIA request to the Civil Division seeking records related to President Trump's administrative claims for relief under the FTCA, as well as copies of any final approval, denial, or request for reconsideration of any claim filed by or on behalf of the president.

7.      CREW now seeks declaratory and injunctive relief requiring DOJ to process CREW's FOIA request, preserve all records potentially responsive to CREW's requests, and expeditiously disclose the requested records.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction and personal jurisdiction pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii). The Court also has jurisdiction over this action under 28 U.S.C. §§ 1331, 2201(a), and 2202.

9.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b).

## PARTIES

10.     Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an

2

influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of those efforts, CREW uses government records it obtains under FOIA.

11.    Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession and control of the records requested by CREW and is responsible for fulfilling CREW's FOIA requests.

## LEGAL FRAMEWORK

12.    FOIA, 5 U.S.C. § 552, requires federal agencies to release requested records to the public unless one or more specific statutory exemptions apply.

13.    An agency must respond to a party making a FOIA request within 20 business days and, in so doing, must notify the party of at least the agency's "determination" of which requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. *Id.* § 552(a)(6)(A)(i); *see, e.g., CREW v. FEC*, 711 F.3d 180, 187 (D.C. Cir. 2013).

14.    An agency's failure to make this determination within 20 days is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

15.    Moreover, FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

16.    After a FOIA request is received by an agency, it must "make reasonable efforts to search for the records." 5 U.S.C. § 552(a)(3)(C).  If the agency identifies any responsive records, the agency must make them "promptly available." *Id.* § 552(a)(3)(A).

17.     In "unusual circumstances," the 20 business day time limit "may be extended" by 10 business days if the agency provides "written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). "[U]nusual circumstances means," among other things, "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request." *Id.* § 552(a)(6)(B)(iii).

18.     Further, agencies must grant requests for expedited processing of FOIA requests when requesters demonstrate a "compelling need," as well as in "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i). "Compelling need" requires the requester to show that they are "a person primarily engaged in disseminating information" with an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* § 552(a)(6)(E)(v)(II); *see also* 28 C.F.R. § 16.5(e)(1)(ii).

19.     Defendant's FOIA regulations also require expedited processing for other reasons, including "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." *See* 28 C.F.R. § 16.5(e)(1)(iv).

20.     A determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within 10 calendar days after the date of the request. 5 U.S.C. § 552(a)(6)(E)(ii)(I).

21.     Agency action to deny a request for expedited processing, or failure by an agency to respond in a timely manner to such a request, is subject to judicial review. 5 U.S.C. § 552(a)(6)(E)(iii).

22.    FOIA requesters who do not receive a determination on a request for expedited processing within 10 calendar days, or who receive a decision denying or affirming the denial of a request for expedited processing, also may seek immediate judicial review. *See, e.g.*, 5 U.S.C. § 552(a)(6)(E)(iii).

**FACTUAL ALLEGATIONS**

23.    On January 6, 2021, a violent mob incited by President Trump attacked the United States Capitol to stop the constitutionally mandated transfer of presidential power following the 2020 election. The attack injured more than 100 law enforcement officers, killed at least one, and forced the Vice President and other lawmakers to flee for their lives. The mob temporarily stopped the counting of electoral votes mandated by the Twelfth Amendment. *See Anderson v. Griswold*, 543 P.3d 283, 329 (Colo. 2023), *rev'd on other grounds sub nom. Trump v. Anderson*, 601 U.S. 100 (2024) (per curiam).

24.    Trump had motivated the mob to come to Washington D.C. by lying about election fraud over the course of the 2020 election cycle and incited the crowd to violence during a speech at the White House Ellipse that morning, knowing that many in the crowd were armed and prepared for violence. He continued to incite the mob even after learning that the Capitol was under violent attack and refused repeated calls to send reinforcements to the Capitol or to call off the mob. *Id.*

25.    On January 20, 2021, Trump begrudgingly left office after failing to thwart the constitutional transfer of power to his successor.

26.    Upon leaving office, Trump had cardboard boxes full of highly sensitive classified documents transported to his Mar-a-Lago Club in Florida. He had the documents stored in various unsecured locations around the club, including in a ballroom and a bathroom.

*See* Superseding Indictment, *United States v. Trump, et al.*, No. 9:23-cr-80101-AMC (S.D. Fla. July 27, 2023).

27. Trump's engagement in insurrection and mishandling of classified information triggered multiple criminal investigations by DOJ and FBI.

28. In 2022, then-Attorney General Merrick Garland appointed a Special Counsel to oversee these investigations and prosecute any individual found to have committed federal crimes. *See* Off. of the Att'y Gen., Order No. 5559-2022, Appointment of John L. Smith as Special Counsel (Nov. 18, 2022).

29. The Special Counsel's investigations led two grand juries to find probable cause for indictments, charging President Trump with 44 criminal counts. The charges included conspiracy to defraud the United States, obstructing an official proceeding, conspiracy against rights, willful retention of national security material, and obstruction of justice. *See* Superseding Indictment, *United States v. Trump, et al.*, No. 9:23-cr-80101-AMC (S.D. Fla. July 27, 2023); Indictment, *United States v. Trump*, No. l:23-cr-00257-TSC (D.D.C. August 1, 2023).

30. On November 5, 2024, President Trump won re-election to the presidency.

31. On November 25, 2024, after consulting the Department's Office of Legal Counsel, the Special Counsel moved to drop all charges against Donald Trump, citing DOJ policy that it does not prosecute sitting presidents of the United States. *See* Gov'ts Mot. to Dismiss, *United States v. Trump*, No. l:23-cr-00257-TSC (D.D.C. Nov. 25, 2024); Gov't Mot. to Dismiss Appeal, *United States v. Trump*, No. 24-12311-J (11th Cir. Nov. 25, 2024).

32.     In 2023 and 2024, as a private citizen, President Trump reportedly filed at least two administrative claims with the DOJ seeking damages for purported violations of his rights relating to investigations of his potentially criminal conduct.[1]

33.     FTCA settlements are paid out of appropriated federal funds. *See* 31 U.S.C. § 1304.

34.     President Trump, in his role as chief executive of the United States, now oversees the DOJ and has appointed its senior leadership, including the individuals charged with reviewing and potentially approving the president's administrative claims.

35.     The Justice Manual states that, generally, an Assistant Attorney General can "compromise (or settle administratively) a defense claim when the principal amount of the proposed settlement does not exceed $4 million," and that "the Deputy Attorney General or Associate Attorney General, as appropriate, is further specifically authorized to exercise the settlement authority of the Attorney General as to all affirmative and defensive civil claims." DOJ, Just. Manual § 4-3.110 (2020).

36.     Deputy Attorney General Todd Blanche and Associate Attorney General Stanley Woodward each previously served as criminal defense counsel in cases involving President Trump, with Associate Attorney General Woodward representing President Trump's personal aide Walt Nauta in the classified documents prosecution that serves as the basis for at least one of the President's administrative claims.

---

[1] Devlin Barrett & Tyler Pager, *Trump Said to Demand Justice Dept. Pay Him $230 Million for Past Cases*, N.Y. Times (Oct. 21, 2025), https://www.nytimes.com/2025/10/21/us/politics/trump-justice-department-compensation.html.

37.     On November 18, 2025, CREW submitted a FOIA request to the Civil Division seeking the following records created after January 20, 2021 to the date the requests are processed:

   a.  Any Standard Form 95 or other document asserting an administrative claim for relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, submitted by or on behalf of President Donald Trump pursuant to 28 C.F.R. § 14.2, including all documentation, exhibits, affidavits, and evidence submitted with such claims.

   b.  Any final denial, issued pursuant to 28 C.F.R. § 14.9(a), of an administrative claim for relief under the FTCA submitted by or on behalf of President Trump, including the statement of reasons for the denial and any other accompanying documentation.

   c.  Any request for reconsideration of a final denial of any FTCA claim filed by or on behalf of President Trump pursuant to 28 C.F.R. § 14.9(b).

   d.  Any document memorializing an award, compromise, or settlement, made pursuant to 28 C.F.R. § 14.10, on any FTCA claim submitted by or on behalf of President Trump, including records sufficient to identify the amount of any payment, any copy of Standard Form 1145 sent to the General Accounting Office, any evidence of approval of a payment by the Attorney General or his or her designee, and any other accompanying documentation.

   e.  All communications related to the processing, initial consideration, denial, approval, or appeal for reconsideration of any FTCA claim filed by or on behalf of President Trump pursuant to 28 C.F.R. § 14.2.

*See* Ex. A.

38.     The Civil Division acknowledged receipt of the FOIA request via an automated message on November 18, 2025.

39.     On January 28, 2026, CREW emailed the Civil Division requesting an update on CREW's FOIA request.

40.     CREW has received no response to its email and has received no other correspondence from the Civil Division concerning its November 18, 2025 FOIA request to date.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of FOIA - Wrongful Withholding of Records
### (5 U.S.C. § 552)

41.     CREW re-alleges and incorporates by reference the foregoing paragraphs.

42.     In its November 18, 2025 request, CREW properly sought records within the possession, custody, and control of Defendant.

43.     Defendant is wrongfully withholding records responsive to CREW's FOIA requests by failing to make determinations on CREW's requests within the statutorily prescribed period of 20 business days, as required by 5 U.S.C. 552(a)(6)(A), and by continuing to withhold documents that are non-exempt and responsive to CREW's FOIA requests.

44.     Defendant has failed to conduct an adequate search in response to CREW's FOIA requests.

45.     CREW has constructively exhausted its administrative remedies.

46.     CREW is therefore entitled to injunctive and declaratory relief requiring the processing and disclosure of all non-exempt requested records to CREW.

### COUNT II
### Violation of FOIA - Failure to Grant Expedited Processing
### (5 U.S.C. § 552)

47.     CREW re-alleges and incorporates by reference the foregoing paragraphs.

48.     In its November 18, 2025 FOIA request, CREW properly sought expedited processing of these requests seeking records within the possession, control, and custody Defendant.

9

49.     CREW properly sought expedited processing from Defendant because of the urgency to inform the public about an actual or alleged federal government activity and because CREW is primarily engaged in disseminating information.

50.     CREW further properly sought expedited processing from Defendant because the subject of the requests concerns a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence. *See* 28 C.F.R. § 16.5.

51.     Defendant wrongfully denied CREW's requests for expedited processing by failing to respond to CREW's expedited processing requests within 10 days and failing to process CREW's requests on an expedited basis.

52.     By denying CREW's requests for expedited processing and failing to expeditiously process and release all requested non-exempt records to CREW, Defendant is in violation of FOIA and its implementing regulations.

53.     CREW is therefore entitled to injunctive and declaratory relief requiring expedited processing of its November 18th, 2025 request.

## REQUEST FOR RELIEF

WHEREFORE, CREW respectfully requests that this Court:

(1)     Order Defendant to preserve all records, in whatever form they exist, potentially responsive to CREW's November 18, 2025 request prior to and during the processing of its request;

(2)     Declare that CREW is entitled to expedited processing of its FOIA request;

(3)     Order Defendant to immediately and fully process CREW's FOIA request and expeditiously disclose all non-exempt responsive records to CREW;

10

(4)    Order Defendant to grant CREW's request for a fee waiver;

(5)    Provide for expeditious proceedings in this action;

(6)    Retain jurisdiction of this action to ensure no agency records are wrongfully

withheld and ensure compliance with this Court's orders;

(7)    Award CREW its costs and reasonable attorneys' fees in this action; and

(8)    Grant such other relief as the Court may deem just and proper.


Date: April 6, 2026                                          Respectfully submitted,

/s/ Kayvan Farchadi
Kayvan Farchadi (D.C. Bar No. 1672753)
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
kfarchadi@citizensforethics.org